AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No.   21-cr-187 (ABJ)/(ZMF) |
| Antowan Hagan ) | |
| _Defendant_ ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
       § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
       Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
       (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
       through (c) of this paragraph, or two or more State or local offenses that would have been offenses
       described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
       jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
       **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
       **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
     Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
     defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❏ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**Part III - Analysis and Statement of the Reasons for Detention**

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
❏ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
☑ Participation in criminal activity while on probation, parole, or supervision

- ☒ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ❏ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ☒ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Defendant, who is charged with unlawfully possessing a firearm, emphasized that his charged offense does not carry a presumption of detention and requested that he be released into the High Intensity Supervision Program ("HISP") and that he be allowed to reside with his mother. As to the alleged offense, Defendant emphasized that the Metropolitan Police Department ("MPD") officers approached a group of African American males who were not brandishing firearms or otherwise engaged in criminal activity, and that given the current tensions between African American males and MPD it made sense that he ran, as he may have been afraid. As to the weight of the evidence against him, Defendant acknowledged that at this stage it seems strong, but he emphasized that he is presumed innocent and argued that this factor is the least important for the Court to consider in making a detention decision. Defendant further emphasized that his supervising officer said he was doing "great" under supervision, there were no allegations that he had violated his release conditions by being outside his residence at the time of his arrest, and his mother had seen a dramatic change in him since his release and believed that he was making positive inroads towards improving his life.

Nature and circumstances of offense(s):

The government proffered that in the early evening of February 27, 2021, MPD officers were on patrol in Northwest Washington, D.C., when they observed a group of individuals appearing to be engaged in a game of chance on a table. Upon noticing the officers, one of the individuals in the group said "feds," at which time Defendant looked at the officers, then turned away from them as he broke away from the group. The government further proffered that the officers saw Defendant press his arm against his body and then move his shoulder in a way that suggested he was trying to grasp something in his pelvic area. One of the officers exited the vehicle to make contact with Defendant, at which point Defendant began to run from the officers while tugging at his waistband. Defendant ducked behind a vehicle and one of the officers saw him remove something from his waistband and discard it near one of the vehicle's tires. Defendant was arrested before he was able to flee again. The officers searched the area where they believed Defendant had discarded an object and found a Ruger LCP .380 caliber semiautomatic handgun that was loaded with one round in the chamber and five rounds in an unknown capacity magazine. Although Defendant is charged with a serious felony firearms offense, in this instance the nature and circumstances of the alleged offense do not weigh in favor of detention. That the firearm Defendant allegedly possessed already had a round chambered is concerning, as it suggests he was actively ready to use it; however, there are no allegations that Defendant brandished, discharged, or fired the weapon, or was engaged in other unlawful activity at the time of the alleged offense, thus, on balance, this factor does not weigh in favor of detention.

The strength of the government's evidence:

The government's evidence is strong; therefore, this factor weighs in favor of Defendant's pretrial detention. According to the government's proffer, the officers never lost sight of Defendant during his attempt to flee, and the officers recovered a firearm in an area consistent with where an officer allegedly saw Defendant discard an object. In addition, Defendant was still under sentence for a serious offense at the time of his arrest, thus the government will have an easier time meeting its burden in proving that Defendant knew he was prohibited from possessing a firearm.

The defendant's history and characteristics, including criminal history:

Defendant was under sentence for a prior offense at the time of his arrest. Outside of the instant allegations, he had apparently been doing very well under supervision. Indeed, his supervising officer said he was doing "great," and his mother-with whom he lived-had seen a dramatic change in him since his release from custody and believed he was making inroads at improving his life. Unfortunately, these positive characteristics do not offset his criminal record and poor history of compliance with release conditions, thus this factor also weighs in favor of pretrial detention. At the time of his arrest, Defendant was on home confinement while serving out a sentence for multiple offenses, including armed robberies that involved Defendant and multiple other people robbing four people while brandishing a firearm. Defendant has also had periods of supervision revoked in the past.

The defendant's dangerousness/risk of flight:

The danger posed by Defendant's release is that he would intentionally use a firearm in a violent way, or would introduce a firearm into a dangerous situation. At the outset, the Court notes that it does not find that Defendant's alleged attempted flight from officers makes him a danger, nor does the Court find that Defendant poses a serious risk of flight. However, Defendant's release does present a danger to the community that cannot be mitigated by release conditions, thus this factor also weighs in favor of detention. Here, although there are no allegations that Defendant brandished or discharged the firearm, he allegedly possessed a firearm in the community with a round already chambered, suggesting a willingness to fire. This type of conduct is concerning, as the risk of intentional or unintentional discharge is increased where a weapon is able to be fired so quickly, presenting a serious risk of danger to Defendant, his mother, and anyone near him. Furthermore, although the Court credits the proffered statements by Defendant's mother and supervising officer as to his recent desire to change his life for the better, he has a demonstrated history of using a firearm in a violent way. Overall, Defendant's poor history of compliance with prior periods of supervision combined with the allegations that he committed the instant offense after having been sentenced for another serious felony give the undersigned no confidence that any combination of release conditions could reasonably assure the safety of the community.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 04/20/2021

*Zia M. Faruqui* — Digitally signed by Zia M. Faruqui
Date: 2021.04.20 18:05:03 -04'00'

United States Magistrate Judge